**Filed 1/11/96**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

WILLIAM A. SOJKA,       )
      )
    Plaintiff-Appellant,      )
      )
v.       )     No. 95-1317
      )    (D.C. No. 95-S-221)
MARY L. HENDERSON,      )     (D. Colo.)
      )
    Defendant-Appellee.     )

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Sojka, a Colorado inmate and a pro se litigant, appeals the dismissal of his civil rights complaint which he filed pursuant to 42 U.S.C. § 1983.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Sojka sued his alleged victim. According to Mr. Sojka's complaint, Ms. Henderson is a female correctional officer at the penitentiary. She alleged Mr. Sojka took her hostage and that she suffered multiple injuries in which her blood was "all over" her uniform and jacket. Ms. Henderson admitted she had "soaked" and "washed out" the bloodstains on her clothing. She admitted to doing this because "she wasn't thinking." Mr. Sojka sued her for intentionally destroying evidence in an attempt to deprive him of due process and to hide her unspecified criminal actions.

The district court, sua sponte, entered a written order dismissing the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d). The essence of this order is there was no allegation showing the evidence destroyed was exculpatory and there was nothing alleged that would attribute Ms. Henderson's actions to the state. The district court concluded the very best case Mr. Sojka could allege was that the officials who investigated Ms. Henderson's complaint were negligent in allowing her to wash the blood stains out of her uniform.

Mr. Sojka appeals this order asserting that at the time of the preparation of his complaint he was "heavily medicated and could not sufficiently prepare the complaint," and "he planned to seek counsel, and to possibly amend the complaint in the future." He alleges

he should be allowed to amend his complaint, however; he fails to tell us what would be alleged in his amended complaint. He alleges the district court applied the correct law but abused its discretion.

We first note Mr. Sojka never petitioned the district court for permission to amend his complaint. Neither did Mr. Sojka inform the district court as to what allegations an amended complaint would contain. The record on appeal shows only the dismissal and Mr. Sojka's notice of appeal.

Mr. Sojka candidly and honestly admits the district court properly dismissed his civil action as frivolous and he asserts he should be allowed to amend. Mr. Sojka had the obligation to inform the district court he wished to amend his complaint, and further he had the obligation to inform the district court as to the nature of the desired amendments. Mr. Sojka failed to do this. In fact, Mr. Sojka has likewise failed to inform this court of whether he could state a non-frivolous cause of action if amendment were allowed.

We cannot fault the district court for failure to allow an amendment when the district court was not requested to allow an amendment. Further, when a district court properly dismisses a complaint because it is frivolous, we will not hold the order of dismissal must automatically include the right to amend. This would impose a severe burden upon the

3

available judicial resources.

The judgment of the district court is **AFFIRMED**.

**Entered for the Court:**


**WADE BRORBY**
United States Circuit Judge